Dear Ms. Cannatella:
On behalf of the District Five Road and Public Works Commission of St. Landry Parish, you have requested an Attorney General's Opinion on several questions relative to the Commission's status. Specifically, you ask whether:
 1) Can this Board be abolished by the local Government?
 2) Can the established taxes be taken over by local Government?
 3) Can this Board serve as long as there is a maintenance tax in place?
 4) What is the disposition of the fixed asset of the Commission?
A review of prior Attorney General Opinions reveals that questions identical to the ones raised by your current request were previously addressed by Attorney General Opinion No. 01-17. A copy of that opinion is enclosed for review. This office is not aware of any Act of the legislature that would affect the analysis and response contained in Attorney General Opinion No. 01-17.
We trust this adequately responds to your request. If you have any questions or comments, please do not hesitate to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR. Attorney General
 BY: ____________________ MICHAEL J. VALLAN Assistant Attorney General
 CCF, JR/MJV/crt
OPINION NUMBER 01-17 Thomas A. Pickett, Chairman Attorney General of Louisiana — Opinion. March 21, 2001.
90-B-4 Public Meetings
R.S. 42:4.2
A committee or subcommittee who deliberate so as to advise a public body is subject to the Open Meetings Law when a majority of the members of the committee are present.
 Thomas A. Pickett, Chairman District Five Road Public Works Commission of St. Landry Parish P.O. Box 86 Lebeau, LA 71345-0086
Dear Mr. Pickett:
This office is in receipt of your request for an opinion of the Attorney General in regard to the status of District Five Road and Public Works Commission of St. Landry Parish having been created pursuant to the provisions of R.S. 48:601 and R.S. 48:602 which provides for the implementation of roads and public works districts.
In accordance with these provisions the Board asks the following questions:
1) Can this Board be abolished by the local Government?
2) Can the established taxes be taken over by local Government?
3) Can this Board serve as long as there is a maintenance tax in place?
4) What is the disposition of the fixed asset of the Commission?
In your request you point out that the Parish is proposing to submit to the people a referendum to change local government to a "Home Rule Charter" with Commissioners, and you note that some Home Rule Charters provide that all special legislative acts pertaining to the Parish that are in conflict with the provisions of the charter "shall henceforth be inoperative and of no effect". You ask if such a statement was included in the Home Rule Charter, can No. 1 be completed.
In response to your questions we note that Act 785 of 1989 states in part in the title that it is to create District Four, Five, Six and Eleven Road Commission, all of St. Landry Parish, and to provide relative to the boards of commissioners and their power and duties R.S.48:600.1 specifies "notwithstanding any provisions of the law to the contrary * * * District Five Road Commission of St Landry Parish, hereinafter referred to as the `commission' is hereby created," and the commission is governed by a board, appointed by the governing authority. It is specified that "the commission shall be considered a political subdivision of the state," and has the power to levy and collect a tax.
Pursuant to Act 929 of 1995 R.S. 48:602 provides that each police jury district in St. Landry Parish may propose the creation of public works districts upon the petition of at least twenty-five registered voters of any police jury district of the Parish being filed with the registrar of voters for the parish, and that "each public works district shall become operative when the proponents of the petition believe they have the signatures of at least twenty-five registered voters of any police jury district of St. Landry Parish and such petition is filed with the registrar of voters for the parish." The governing authority of St. Landry Parish shall then appoint a steering committee who shall submit names for commissioners, and the governing authority of St. Landry Parish shall appoint the commissioners from this list of names, there being one member for each of the precincts within a particular police jury district. This statute further provides as follows:
 Each district shall be considered a political subdivision of the state, and is granted and shall have all the powers necessary to construct, acquire, operate, and maintain roads, bridges, and drainage facilities in the district which is appointed for, and without limitation, shall have all the rights, powers, and authority enumerated for public works districts in Part II of Chapter 2 of Title 48. * * *.
The statute sets forth the powers of the commission which includes the power to levy and collect a district tax after the question of the imposition of such tax and funding thereof into bonds shall have been submitted to qualified electors within the boundaries of the district.
In response to your questions, we recognize under R.S. 33:1415 that the governing authority of any parish or municipality is authorized to abolish any district "it shall have created or established". However, we do not find under the pertinent statutory provisions that the District a political subdivision of the state, can be abolished by the local government and the taxes taken over by the local government inasmuch as it is not created by the police jury. As a political subdivision of the state, having been created by the legislature, it can only be abolished by the legislature.
However, we find it pertinent to recognize that the Article 6, Section16 of the Louisiana Constitution provides as follows:
 (A) CONSOLIDATION. A local governmental subdivision may consolidate and merge into itself any special district or local public agency, except a school district, situated and having jurisdiction entirely within the boundaries of the local governmental subdivision. Upon the consolidation and merger, the local governmental subdivision shall succeed to and be vested with all of the rights, revenues, resources, jurisdiction, authority, and powers of the special district or local public agency. A consolidation and merger shall become effective only if approved by a majority of the electors voting thereon in the local governmental subdivision as a whole and by a majority of the electors voting thereon in the affected special district. A local public agency shall be consolidated and merged only if approved by a majority of the electors voting thereon in an election held for that purpose in the local governmental subdivision in which the agency is located.
 (B) ASSUMPTION OF DEBT. If the special district or local public agency which is consolidated and merged has outstanding indebtedness, the authority provided by this Section shall not be exercised unless provision is made for the assumption of the indebtedness by the governing authority of the local governmental subdivision involved.
Accordingly, we find that the continuance or abolishment of the district would be a matter for its voters.
We find Atty. Gen. Op. 89-259A pertinent wherein in this office observed that once a levee district is merged into a parish, the district ceases to exist as a separate entity and it becomes a part of the parish controlled by the parish plan of government Therefore, subsequent to such a merger, the legislature would be prohibited under Article VI, Section 6 of the Louisiana Constitution of 1974 from abolishing that former levee district.
We do not understand your statement, "The Parish does not choose the commissioner replacement". R.S. 48:600.1, in regard to District Five Road Commission of St. Landry. provides in B(1) that the commissioners of the board shall be appointed by the governing authority of the parish of St. Landry, and in (5) that any vacancy which occurs prior to the expiration of the term for which a member of the board has been appointed shall be filled by appointment in the same manner as the original appointment for the unexpired term.
Similarly, in accordance with R.S. 48:602 the steering committee shall submit names for commissioners and the governing authority of St. Landry Parish shall appoint the commissioners from that list who serve until their successors have been appointed, and any vacancy prior to the expiration of the term "shall be filled by appointment in the same manner as the original appointment for the unexpired terms".
Inasmuch as we have concluded that the Board cannot be abolished by the local government, we find that your questions in regard to the taxes being taken over by the local government the board continuing to serve, and the disposition of the fixed assets are moot until such time as there is an election under La. Const Art. 6, Sec 16 which is successful for the merger into the local government
We hope this sufficiently answers your inquiry at this time.
 Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: _____________________ BARBARA B. RUTLEDGE, Assistant Attorney General
 RPI/bbr